IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAIME ARIAS-MALDONADO (#T-12528)                          PLAINTIFF

v.                                                No. 2:08CV165-M-A

TALLAHATCHIE COUNTY
CORRECTIONAL FACILITY OF C.C.A., ET AL.                   DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jaime Arias-Maldonado, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, all of the plaintiff's claims except delay of medical treatment and denial of the right to seek redress for grievances shall be dismissed for failure to state a claim upon which relief could be granted. The instant case shall move forward as to these to claims

### Factual Allegations

The plaintiff is a California inmate being housed in Mississippi at the Tallahatchie County Correctional Facility operated by Corrections Corporation of America.

### General Conditions[1]

The plaintiff alleges that the Tallahatchie County Correctional Facility is under construction and that his unit does not have a completed law library, exercise yard, medical

---

[1] The plaintiff entitled this section of his complaint "Overcrowding;" however, he alleged no facts to support an allegation of overcrowding, such as the area within the cells, the number of prisoners per cell, *etc.* As the plaintiff has not alleged any facts to support this legal conclusion, the claim of overcrowding shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) (plaintiff must allege facts to support each element of the claim he seeks to prove).

clinic, dining room, or kitchen. As such, whenever he needs to use these facilities, he must pass through an excessive number of security doors. This problem is made worse because the facility keeps "level 2" custody inmates separate from "level 3" inmates – and keeps both of those groups separate from the county inmates who are also housed at the Tallahatchie County Correctional Facility. The plaintiff also alleges that, in response to at least two prison riots, the defendants initiated an institution-wide lockdown for nearly six months to return order to the prison – and to maintain security during a investigation and long series of inspections conducted after the prison riot. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation. Excessive numbers of doors – and having to travel through the prison to reach various service areas – do not constitute the denial of any "basic human need" for an unreasonable period of time. *See Woods*, 51 F.3d at 581. In addition, a prison policy or practice will be found constitutional as long as it is reasonably related to a legitimate penological objective of the facility. *Hay v. Waldron*, 834 F.2d 481, 487-87 (5th Cir. 1987). In this case, the lockdown and

investigation served the legitimate penological objective of restoring and maintaining order in the facility after rioting among the prisoners. As such, the plaintiff's allegations regarding the general conditions of his confinement shall be dismissed for failure to state a constitutional claim.

**Denial of Medical Care**

Two weeks after the plaintiff arrived at the Tallahatchie County Correctional Facility, he developed a cough and cold. He notified a prison guard about his illness on February 1, 2008, and she told him to submit a sick call request form. Over the next two weeks, the plaintiff submitted approximately six medical requests – but received no medical care. He also attempted to get the attention of various nurses making rounds but could not do so. He submitted a grievance on February 15, 2008, regarding inadequate medical care, but received no response. Two months later (late April), the plaintiff notified a prison guard that he had a very serious cough and cold, but she also told him to submit a sick call request form. He submitted six more such forms, and the medical department finally responded. The head nurse at Tallahatchie County Correctional Facility examined the plaintiff on May 3, 2008, and determined that he had a very red throat and had lost more than ten pounds. The head nurse treated the plaintiff with a prescription for cough syrup. On May 23, 2008, Dr. Shafer examined the plaintiff and prescribed Sudafed for thirty days. The plaintiff requested a host of other medications, but received only the Sudafed.

The plaintiff has stated a claim regarding the lengthy delay between his request for medical treatment and the defendant's efforts to treat him. However, the remainder of his claims regarding medical care are merely his disagreement with the treatment provided, and these claims

shall be dismissed. A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

## Denial of Access to the Courts

The plaintiff requested access to the Tallahatchie County Correctional Facility legal library from his first day at the facility because he had some four court cases pending in California. In late February the defendants permitted him to use the law library for 2½ hours per week, and by mid-June 2008, the plaintiff could access the law library 15 hours per week. The California Supreme Court denied the plaintiff's petition for a writ of *habeas corpus* on March 25, 2008, and the plaintiff alleges that after three months "he has been hard[-]pressed to even request a 'late' review . . . ."

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v.*

*United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). A plaintiff must show real detriment – true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

The plaintiff has not alleged that he has suffered any detriment to his litigation arising out of his access to the prison law library. He has had constitutionally adequate access to a prison library – and now enjoys some fifteen hours per week of such access. At the time the plaintiff filed the instant complaint, some three months had passed since the denial of his California *habeas corpus* petition, and he alleges that he had not had the opportunity to seek review of that denial. He has not, however, alleged that he has sought more time to do so; nor has he alleged that he can no longer seek such relief. As such, the plaintiff has alleged no detriment to his legal position, and his claim that the defendants have denied him access to the courts shall be dismissed.

### Denial of Opportunity to Seek Redress for Grievances

The plaintiff alleges that he filed two written informal grievances seeking more access to the Tallahatchie County Correctional Facility law library and seeking better medical care. The plaintiff received a verbal response and a partial resolution regarding access to the law library.

He did not, however, receive a response regarding his medical care. He likewise filed a grievance regarding the confiscation of a map of Mexico and five cardboard boxed from his cell. He received no response regarding that grievance, either. The near complete failure to respond to grievances can state a claim for denial of the right to seek redress for grievances. As such, this claim shall also go forward.

In sum, the plaintiff's claims for delay in receiving medical care and for denial of the right to seek redress for grievances shall proceed. All of the plaintiff's remaining claims shall be dismissed for failure to state a claim upon which relief could be granted. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of August, 2008.

> **/s/ MICHAEL P. MILLS**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**
> **NORTHERN DISTRICT OF MISSISSIPPI**