IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAIME ARIAS-MALDONADO (#T-12528)                          PLAINTIFF

v.                                                                                                   No. 2:08CV165-M-S

TALLAHATCHIE COUNTY
CORRECTIONAL FACILITY OF C.C.A., ET AL.                   DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Jaime Arias-Maldonado, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The court has already dismissed several claims and defendants from this suit. The defendants have now moved [20] for summary judgment, seeking dismissal of the plaintiff's remaining claims. The plaintiff has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. In addition, the plaintiff has requested [11] that the court issue an order requiring him to be moved to other housing. As the plaintiff has been moved to a prison in California, this request shall be dismissed as moot.

**Remaining Claims**

In early February of 2008, the plaintiff developed a cough and cold. He claims that he submitted six sick call requests during February, but all were ignored. In addition, the plaintiff claims that the Tallahatchie County Correctional Facility ("TCCF") employees ignored grievances he filed regarding medical treatment. The plaintiff further alleges that prison guards confiscated his map of Mexico and five cardboard boxes – and that prison officials simply

ignored his requests for relief.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving

party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

In early February of 2008, about two weeks after the plaintiff's arrival at TCCF, he developed a cough and cold. Despite the plaintiff's allegation that he submitted six sick call requests in February, his medical file contains no sick call requests for that month. Once sick call requests forms are submitted by an inmate, they are processed in the medical department and become a part of the medical file of the inmate. From January to July of 2008, the plaintiff's medical file contains ten sick call requests. For each request, the plaintiff was examined within a day or two by a nurse, who then either immediately took care of the plaintiff's needs (as in the case of procuring medications and refills), or referred the plaintiff to another medical care provider who, in turn, took care of the plaintiff's needs. Indeed, eight of the plaintiff's ten medical requests were resolved within one to three days. In one instance, it took eleven days to obtain an appointment for a dentist to repair the plaintiff's dentures. Another time it took five days for the plaintiff to obtain treatment for a cough and cold.

The plaintiff also registered complaints regarding the confiscation of a map of Mexico. The plaintiff did not, however, follow the proper grievance procedure; he submitted the wrong grievance form. Further, he did not submit the proper grievance form – even after he was shown

his error and told how to correct it.

**Failure to Exhaust Administrative Remedies**

The plaintiff has failed to exhaust his administrative remedies with regarding his claims of denial of medical care and confiscation of his property.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (1996). The exhaustion requirement must be construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525- 26 (2002). When an inmate brings exhausted and unexhausted claims into federal court under 42 U.S.C. § 1983, the court may consider the exhausted claims – but not the unexhausted ones. *Jones v. Bock* , 27 S. Ct. 910, 923 (2007). As discussed in detail below, the plaintiff in the present case did not *properly* seek an administrative remedy regarding his allegations of delay in medical care and deprivation of property. As such, these claims must be dismissed for failure to exhaust administrative remedies.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor

may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000).

The plaintiff has not shown that he was ever denied medical care – or even that his medical care was unreasonably delayed. He received treatment in a reasonable time for each of the ten medical requests he completed and submitted. The longest period of time the plaintiff waited to receive treatment was eleven days – and that was to repair the plaintiff's dentures. This simply did not cause the plaintiff substantial harm. Likewise, a five-day delay in receiving treatment for a cough and cold does not rise to the level of deliberate indifference. The plaintiff received extremely prompt treatment for each of the eight remaining requests for medical treatment. The plaintiff's claim that he submitted six medical request forms is merely an allegation insufficient to create a material issue of fact to preclude summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The plaintiff's claim for denial of medical of medical care shall be dismissed for this reason.

In addition, the plaintiff has claimed no harm from the alleged delay in treatment, and the illness of which he complains is not serious enough to warrant protection under the Eighth Amendment for denial of medical care. *Hall v. Miss. Band of Choctaw Indians*, 2008 WL 5111071, at *2 (N.D. Miss. 2008) (a prisoner's claim that a "head cold" implicated the Eighth Amendment dismissed as frivolous); *Jackson v. Walton*, 2003 WL 22846399 at *2 (N.D. Tex. 2003) (fever and sore throat not a serious medical need because of common recognition that doctors can to little to treat a cold virus). A cough and cold is simply not an excessive risk to inmate health or safety. For these reasons, the plaintiff's claim of denial of medical care shall be dismissed for failure to state a constitutional claim.

## Due Process – Denial of Right to Seek Redress for Grievances

The plaintiff alleged in his complaint that the defendants completely denied his opportunity to seek redress for grievances regarding denial of medical care and the taking of his map of Mexico and other items. The documentary proof, however, shows that this allegation is simply false. As discussed above, the plaintiff received medical care each time he submitted a written request for it. As to the plaintiff's claim regarding confiscation of his property, the summary judgment evidence shows that he submitted an incorrect form. He was notified of this deficiency during the screening process (which he has acknowledged in his complaint) – and was provided the proper form. The plaintiff did not, however, complete and submit the proper form. A grievance procedure was available, and the plaintiff used it. Each time the plaintiff sought relief, he received a response. The times he used a correct form, he received relief; the times he submitted an incorrect form, he did not.

In addition, "[a] prisoner does not have a constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievances resolved to his satisfaction."

*Anderson v. King*, No. 2:05cv1-MTP, 2008 WL 918267, at *10 (S.D. Miss. March 31, 2008) (*citing Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005)). In *Geiger* an inmate alleged that officials failed to investigate his grievances regarding mail room and security staff stealing his property. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). The court held that regarding the inmate's claim for "violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous." *Id.* at 374. The court held that this was "a legally nonexistent interest" and that "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Id.* In the present case, the defendants did not ignore the plaintiff's requests for relief; instead, the plaintiff just submitted the incorrect form. As the plaintiff did not follow the grievance procedure correctly, even after being told how to do so, he can hardly complain that the defendants blocked his opportunity to be heard. Thus, the plaintiff's claims that he was completely denied the right to seek redress for grievances must be dismissed as meritless.

In sum, all of the plaintiff's claims are without merit and shall be dismissed for failure to exhaust and for failure state a claim upon which relief could be granted. Further, as the plaintiff has been moved to a facility in another state, his request for injunctive relief shall be dismissed as mooot. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 10th day of March, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**